IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER EDWARDS, JR.                                                                PLAINTIFF

v.                                    Civil No. 5:25-cv-05096-TLB-CDC

TAYLOR ELKINS; BRITNI BINAM;
LOGAN HATCHER; and DALTON LEWIS                                                DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to Chief United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court on Plaintiff's failure to obey an order of the Court.

### I. DISCUSSION

Plaintiff was incarcerated in the Washington County Detention Center when he submitted his Complaint (ECF No. 1), and is proceeding *pro se* and *in forma pauperis* ("IFP"). However, on June 24, 2025, Plaintiff informed the Court that he had been released and provided the Court with his new mailing address. On October 9, 2025, the Court entered an Order directing Plaintiff to submit a new IFP application reflecting his free-world financial status by October 30, 2025. *See* ECF No. 23. That Order was never returned as undeliverable, but the deadline passed with no communication from Plaintiff. On October 31, 2025, the Court entered an Order giving Plaintiff 21 days to show cause why he failed to obey the prior Order, and warning that if he failed to

respond by this deadline, "this case shall be subject to dismissal." *See* ECF No. 25. That deadline has also passed, and Plaintiff has not filed any response nor sought any extension. The Court's show cause Order was likewise never returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of December 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE